CORPORATION SERVICE COMPANY®

**null / ALL**
**Transmittal Number: 16654212**
**Date Processed: 05/18/2017**

# Notice of Service of Process

**Primary Contact:** Julie Richter
Concord Hospitality Enterprises Company
11410 Common Oaks Drive
Raleigh, NC 27614

| | |
|---|---|
| **Entity:** | Citymarket Hotel Development, LLC<br>Entity ID Number 3175089 |
| **Entity Served:** | Citymarket Hotel Development, LLC |
| **Title of Action:** | Patriece Jones vs. Cambria Suites Washington City Market |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 2017 CA 002846 B |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 05/17/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Alan Lescht<br>202-463-6036 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

Filed
D.C. Superior Court
05/10/2017 15:26PM
Clerk of the Court

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Patriece Jones
Plaintiff

vs.

Case Number 2017 CA 002846 B

CityMarket Hotel Development, LLC
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alan Lescht, Alan Lescht & Associates
Name of Plaintiff's Attorney

1050 17th Street NW, Suite 400
Address
Washington, DC 20036

(202) 463-6036
Telephone

*Clerk of the Court*

By ______________________
Deputy Clerk

Date 04/25/2017

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

______________________________ Demandante

contra

Número de Caso: ______________________

______________________________ Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

______________________________
Nombre del abogado del Demandante

Por: ______________________________
Subsecretario

______________________________
Dirección

______________________________

______________________________
Fecha ______________________________

Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

Filed
D.C. Superior Court
04/25/2017 18:20PM
Clerk of the Court

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| PATRIECE JONES<br>613 Quackenbos Street NW<br>Washington, DC 20011,<br><br>Plaintiff<br><br>v.<br><br>CAMBRIA SUITES WASHINGTON CITY MARKET<br>899 O Street NW<br>Washington, DC 20001<br><br>and<br><br>CITYMARKET HOTEL DEVELOPMENT, LLC<br>11410 Common Oaks Drive<br>Raleigh, NC 27614<br><br>Serve: Corporation Service Co.<br>1090 Vermont Avenue NW<br>Washington, DC 20005<br><br>and<br><br>CONCORD HOSPITALITY ENTERPRISES COMPANY<br>11410 Common Oaks Drive<br>Raleigh, NC 27614<br><br>Serve: Corporation Service Co.<br>327 Hillsborough Street<br>Raleigh, NC 27603<br><br>Defendants. | Case No. 2017 CA 002846 B<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Patriece Jones, by her undersigned counsel, complains of Defendants CityMarket

Hotel Development ("City Market"), Cambria Suites Washington City Market ("Cambria"), and Concord Hospitality Enterprises Company ("Concord") as follows:

## NATURE OF THE CASE

1. This is an action to recover damages for Defendants' unlawful disability discrimination, in violation of the D.C. Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* ("DCHRA") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims because Defendants formerly employed Plaintiff in the District of Columbia ("DC"), and the alleged unlawful acts took place here.
3. Venue is proper because Defendants formerly employed Plaintiff in DC.

## THE PARTIES

4. Plaintiff Patriece Jones resides at 613 Quackenbos Street, NW, Washington, DC 20011. Plaintiff was an "employee" within the meaning of the DCHRA and the ADA during the relevant time period.
5. Defendant City Market owns and manages hotels. City Market's business address is 11410 Common Oaks Drive, Raleigh, NC 27614. On information and belief, Defendant had more than 15 employees and was an "employer" within the meaning of the DCHRA and ADA during the relevant time period.
6. Defendant Cambria owns and manages hotels. Cambria's business address is 899 O Street NW, Washington, DC 20001. On information and belief, Defendant had more than 15 employees and was an "employer" within the meaning of the DCHRA and ADA during the relevant time period.
7. Defendant Concord owns and manages hotels. Concord's business address is 11410 Common

Oaks Drive, Raleigh, NC 27614. On information and belief, Defendant had more than 15 employees and was an "employer" within the meaning of the DCHRA and ADA during the relevant time period.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff exhausted her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 14, 2016.
9. Plaintiff submitted an amendment to her charge on November 30, 2016.
10. On January 19, 2017, the EEOC issued the Notice of Right to Sue letter, which Plaintiff received on January 24, 2017.

## FACTS

### *Background Information*

11. Plaintiff began working for Defendants as a Sales and Catering Coordinator on March 31, 2014.
12. Plaintiff worked at Cambria Suites Washington City Market, located at 899 O Street NW, Washington, DC 20001.
13. On June 6, 2015, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging that Defendants discriminated against her on the basis of race (African-American) and color (black).

### *Plaintiff suffers from disabilities.*

14. Plaintiff suffers from Major Depressive Disorder, Generalized Anxiety Disorder, and Panic Disorder.
15. After the events leading to the June 2015 EEOC charge, Plaintiff was diagnosed with Post-Traumatic Stress Disorder, stemming from harassment at work.

16. Plaintiff's conditions substantially limit her major life activities of concentrating, communicating, and sleeping.

17. Plaintiff informed Respondent of her disabilities on or around March 9, 2016.

*Plaintiff requested reasonable accommodations.*

18. In March 2016, Plaintiff sent three requests to her employer seeking a modified work schedule as a reasonable accommodation. Plaintiff submitted notes from her medical providers stating that she could only work four days per week and eight hours per day.

19. Defendants rejected the first request, stating that Plaintiff needed to submit a note from a medical doctor instead of a Psy.D.

20. Defendants rejected the second request, stating that it was not specific enough.

21. Defendants accepted Plaintiff's third request and told her they would schedule her to work four days per week and no more than eight hours per day.

*Defendants failed to reasonable accommodate Plaintiff.*

22. Although Defendants scheduled Plaintiff to work four days per week and no more than eight hours per day, Defendants refused to permit Plaintiff to leave at the end of her shift. She was regularly required to work more than eight hours per day.

23. Because Defendants required Plaintiff to work more than permitted by her doctor, Plaintiff's conditions were exacerbated.

24. On April 18, 2016, Plaintiff submitted a letter from her doctor requesting medical leave as a reasonable accommodation. The letter stated that Plaintiff needed to take leave for medical reasons until approximately May 3, 2016. Plaintiff's doctor later delayed her return date and requested to extend her leave.

25. On May 10, 2016, Plaintiff emailed Jordan Gray in Human Resources and informed her that

she (Plaintiff) could return to work on May 16, 2016. Plaintiff asked her doctor to send a note directly to Ms. Gray stating that she could return on May 16. On May 16, Defendants informed Plaintiff that Defendants had not received the note, and that Plaintiff would not be permitted to return to work until the note was received.

26. Plaintiff sent a doctor's note to Defendants on May 18, 2016, and returned to work the following day.

27. On or about May 23, 2016, Plaintiff received a written warning for not returning to work or notifying her manager that she would not be coming to work between May 16 and 18, 2016, during the time which Ms. Gray told her she was not permitted to work.

28. On or about May 25, 2016, Plaintiff requested leave as a reasonable accommodation in order to attend a doctor's appointment. Plaintiff informed her supervisor that she would be returning to work after her appointment.

29. On May 26, 2016, Plaintiff received a written disciplinary action for allegedly failing to tell her supervisor whether she would be returning to work.

*Defendants fired Plaintiff because of her disabilities.*

30. Defendants discriminated against and harassed Plaintiff by refusing to give her reasonable accommodations and disciplining her for no reason. As a result, Plaintiff's health condition became worse and her doctor ordered her to take a medical absence from work on June 1, 2016.

31. If Defendants had provided the reasonable accommodations and not harassed Plaintiff, she would not have needed to go on medical leave.

32. On June 7, 2016, Defendants terminated Plaintiff's employment because she allegedly used all available leave.

## COUNT 1

Denial of Reasonable Accommodations—DCHRA

33. Plaintiff repeats and realleges paragraphs 1–32, above, as if fully set forth herein.
34. Defendants failed to provide reasonable accommodations for Plaintiff, a person with disabilities.
35. By and through its conduct, Defendants violated the DCHRA. D.C. Code § 2-1402.11.
36. Defendants' actions were intentional, reckless, and malicious.
37. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

## COUNT 2

Denial of Reasonable Accommodations—ADA

38. Plaintiff repeats and realleges paragraphs 1 –37 above, as if fully set forth herein.
39. Plaintiff had a disability within the meaning of the ADA, and Defendants knew about Plaintiff's disability.
40. Defendants failed to provide reasonable accommodations for Plaintiff, a person with disabilities.
41. By and through its conduct, Defendants violated the ADA. 42 U.S.C. § 12101 *et seq.*
42. Defendants' actions were intentional, reckless, and malicious.
43. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

## COUNT 3

Discrimination on the Basis of Disability–DCHRA

44. Plaintiff repeats and realleges paragraphs 1–43, above, as if fully set forth herein.
45. Defendants terminated Plaintiff's employment because of her disability and after denying her reasonable accommodations.

46. By and through its conduct, Defendants violated the DCHRA. D.C. Code § 2-1402.11.

47. Defendants' actions were intentional, reckless, and malicious.

48. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 4**

Discrimination on the Basis of Disability—ADA

49. Plaintiff repeats and realleges paragraphs 1-48 above, as if fully set forth herein.

50. Defendants terminated Plaintiff's employment because of her disability and after denying her reasonable accommodations.

51. By and through its conduct, Defendants violated the ADA. 42 U.S.C. § 12101 *et seq.*

52. Defendants' actions were intentional, reckless, and malicious.

53. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 5**

Retaliation for Engaging in Protected Activity–DCHRA

54. Plaintiff repeats and realleges paragraphs 1-53 above, as if fully set forth herein.

55. Defendants terminated Plaintiff's employment because she requested reasonable accommodations pursuant to the DCHRA.

56. By and through its conduct, Defendants violated the DCHRA. D.C. Code § 2-1402.61.

57. Defendants' actions were intentional, reckless, and malicious.

58. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 6**

Retaliation for Engaging in Protected Activity—ADA

59. Plaintiff repeats and realleges paragraphs 1-58 above, as if fully set forth herein.
60. Defendants terminated Plaintiff's employment because she requested reasonable accommodations pursuant to the ADA.
61. By and through its conduct, Defendants violated the ADA. 42 U.S.C. § 12101 *et seq.*
62. Defendants' actions were intentional, reckless, and malicious.
63. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants on all Counts and award damages of $1,000,000, or an amount to be determined at trial, consisting of lost wages and benefits, compensatory damages for pain and suffering and emotional distress, punitive damages, pre- and post-judgment interest, costs, attorneys' fees, the amount of tax on any award, and any such other relief as is just and proper.

Date: April 24, 2017

RESPECTFULLY SUBMITTED,

Alan Lescht and Associates, P.C.

By: /s/

Alan Lescht [441691]
Sara McDonough [1022641]
1050 17th Street, NW, Suite 400
Washington, DC 20036
Tel: (202) 463-6036
Fax: (202) 463-6067
alan.lescht@leschtlaw.com

sara.mcdonough@leschtlaw.com
*Attorney for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Patriece Jones  Case Number: 2017 CA 002846 B

vs  Date: April 24, 2016

Cambria Suites Washington City Market et al.  ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Alan Lescht | Relationship to Lawsuit |
|---|---|
| Firm Name: Alan Lescht & Associates, P.C. | ☒ Attorney for Plaintiff<br>☐ Self (Pro Se) |
| Telephone No.: (202) 463-6036 Six digit Unified Bar No.: 441691 | ☐ Other: ______ |

TYPE OF CASE: ☐ Non-Jury ☒ 6 Person Jury ☐ 12 Person Jury

Demand: $ 1,000,000  Other: ______

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: ______ Judge: ______ Calendar #: ______

Case No.: ______ Judge: ______ Calendar#: ______

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS** **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

[signature]
Attorney's Signature

4/24/17
Date

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PATRIECE JONES
Vs. C.A. No. 2017 CA 002846 B
CAMBRIA SUITES WASHINGTON CITY MARKET et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JENNIFER A DI TORO
Date: April 25, 2017
Initial Conference: 9:30 am, Friday, August 11, 2017
Location: Courtroom 518
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

Caio.doc

**CERTIFIED MAIL®**

7017 0660 0001 0931 9589

**Ala**
**Suite 400**
**Washington, D.C. 20036**

UNITED STATES POSTAGE
PITNEY BOWES
$007.34⁰
02 1P
0000648538 MAY 15 2017
MAILED FROM ZIP CODE 20036

Corporation Service Company
1090 Vermont Avenue NW
Washington, DC 20005

CSC

**null / ALL**
**Transmittal Number: 16665166**
**Date Processed: 05/22/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Julie Richter<br>Concord Hospitality Enterprises Company<br>11410 Common Oaks Drive<br>Raleigh, NC 27614 |

| | |
|---|---|
| **Entity:** | Concord Hospitality Enterprises Company<br>Entity ID Number 2685317 |
| **Entity Served:** | Concord Hospitality Enterprises Company |
| **Title of Action:** | Patriece Jones vs. Cambria Suites Washington City Market |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 2017 CA 002846 B |
| **Jurisdiction Served:** | North Carolina |
| **Date Served on CSC:** | 05/19/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Alan Lescht<br>202-463-6036 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Patriece Jones
Plaintiff

vs. Case Number 2017 CA 002846 B

Concord Hospitality Enterprises Company
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alan Lescht, Alan Lescht & Associates, P.C.
Name of Plaintiff's Attorney

*Clerk of the Court*

1050 17th Street NW, Suite 400
Address
Washington DC 20036

By
Deputy Clerk

(202) 463-6036
Telephone

Date 04/25/2017

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

________________________________________
Demandante

contra

Número de Caso: ____________________

________________________________________
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

____________________________________
Nombre del abogado del Demandante

____________________________________
Dirección

Por: ____________________________________
Subsecretario

____________________________________

____________________________________
Teléfono

Fecha ____________________________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

Filed
D.C. Superior Court
04/25/2017 18:28PM
Clerk of the Court

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| PATRIECE JONES<br>613 Quackenbos Street NW<br>Washington, DC 20011,<br><br>Plaintiff<br><br>v.<br><br>CAMBRIA SUITES WASHINGTON<br>CITY MARKET<br>899 O Street NW<br>Washington, DC 20001<br><br>and<br><br>CITYMARKET<br>HOTEL DEVELOPMENT, LLC<br>11410 Common Oaks Drive<br>Raleigh, NC 27614<br><br>Serve: Corporation Service Co.<br>1090 Vermont Avenue NW<br>Washington, DC 20005<br><br>and<br><br>CONCORD HOSPITALITY<br>ENTERPRISES COMPANY<br>11410 Common Oaks Drive<br>Raleigh, NC 27614<br><br>Serve: Corporation Service Co.<br>327 Hillsborough Street<br>Raleigh, NC 27603<br><br>Defendants. | Case No. 2017 CA 002846 B<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Patriece Jones, by her undersigned counsel, complains of Defendants CityMarket

Hotel Development ("City Market"), Cambria Suites Washington City Market ("Cambria"), and Concord Hospitality Enterprises Company ("Concord") as follows:

**NATURE OF THE CASE**

1. This is an action to recover damages for Defendants' unlawful disability discrimination, in violation of the D.C. Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* ("DCHRA") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the claims because Defendants formerly employed Plaintiff in the District of Columbia ("DC"), and the alleged unlawful acts took place here.
3. Venue is proper because Defendants formerly employed Plaintiff in DC.

**THE PARTIES**

4. Plaintiff Patriece Jones resides at 613 Quackenbos Street, NW, Washington, DC 20011. Plaintiff was an "employee" within the meaning of the DCHRA and the ADA during the relevant time period.
5. Defendant City Market owns and manages hotels. City Market's business address is 11410 Common Oaks Drive, Raleigh, NC 27614. On information and belief, Defendant had more than 15 employees and was an "employer" within the meaning of the DCHRA and ADA during the relevant time period.
6. Defendant Cambria owns and manages hotels. Cambria's business address is 899 O Street NW, Washington, DC 20001. On information and belief, Defendant had more than 15 employees and was an "employer" within the meaning of the DCHRA and ADA during the relevant time period.
7. Defendant Concord owns and manages hotels. Concord's business address is 11410 Common

Oaks Drive, Raleigh, NC 27614. On information and belief, Defendant had more than 15 employees and was an "employer" within the meaning of the DCHRA and ADA during the relevant time period.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff exhausted her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 14, 2016.
9. Plaintiff submitted an amendment to her charge on November 30, 2016.
10. On January 19, 2017, the EEOC issued the Notice of Right to Sue letter, which Plaintiff received on January 24, 2017.

**FACTS**

*Background Information*

11. Plaintiff began working for Defendants as a Sales and Catering Coordinator on March 31, 2014.
12. Plaintiff worked at Cambria Suites Washington City Market, located at 899 O Street NW, Washington, DC 20001.
13. On June 6, 2015, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging that Defendants discriminated against her on the basis of race (African-American) and color (black).

*Plaintiff suffers from disabilities.*

14. Plaintiff suffers from Major Depressive Disorder, Generalized Anxiety Disorder, and Panic Disorder.
15. After the events leading to the June 2015 EEOC charge, Plaintiff was diagnosed with Post-Traumatic Stress Disorder, stemming from harassment at work.

16. Plaintiff's conditions substantially limit her major life activities of concentrating, communicating, and sleeping.

17. Plaintiff informed Respondent of her disabilities on or around March 9, 2016.

*Plaintiff requested reasonable accommodations.*

18. In March 2016, Plaintiff sent three requests to her employer seeking a modified work schedule as a reasonable accommodation. Plaintiff submitted notes from her medical providers stating that she could only work four days per week and eight hours per day.

19. Defendants rejected the first request, stating that Plaintiff needed to submit a note from a medical doctor instead of a Psy.D.

20. Defendants rejected the second request, stating that it was not specific enough.

21. Defendants accepted Plaintiff's third request and told her they would schedule her to work four days per week and no more than eight hours per day.

*Defendants failed to reasonable accommodate Plaintiff.*

22. Although Defendants scheduled Plaintiff to work four days per week and no more than eight hours per day, Defendants refused to permit Plaintiff to leave at the end of her shift. She was regularly required to work more than eight hours per day.

23. Because Defendants required Plaintiff to work more than permitted by her doctor, Plaintiff's conditions were exacerbated.

24. On April 18, 2016, Plaintiff submitted a letter from her doctor requesting medical leave as a reasonable accommodation. The letter stated that Plaintiff needed to take leave for medical reasons until approximately May 3, 2016. Plaintiff's doctor later delayed her return date and requested to extend her leave.

25. On May 10, 2016, Plaintiff emailed Jordan Gray in Human Resources and informed her that

she (Plaintiff) could return to work on May 16, 2016. Plaintiff asked her doctor to send a note directly to Ms. Gray stating that she could return on May 16. On May 16, Defendants informed Plaintiff that Defendants had not received the note, and that Plaintiff would not be permitted to return to work until the note was received.

26. Plaintiff sent a doctor's note to Defendants on May 18, 2016, and returned to work the following day.

27. On or about May 23, 2016, Plaintiff received a written warning for not returning to work or notifying her manager that she would not be coming to work between May 16 and 18, 2016, during the time which Ms. Gray told her she was not permitted to work.

28. On or about May 25, 2016, Plaintiff requested leave as a reasonable accommodation in order to attend a doctor's appointment. Plaintiff informed her supervisor that she would be returning to work after her appointment.

29. On May 26, 2016, Plaintiff received a written disciplinary action for allegedly failing to tell her supervisor whether she would be returning to work.

*Defendants fired Plaintiff because of her disabilities.*

30. Defendants discriminated against and harassed Plaintiff by refusing to give her reasonable accommodations and disciplining her for no reason. As a result, Plaintiff's health condition became worse and her doctor ordered her to take a medical absence from work on June 1, 2016.

31. If Defendants had provided the reasonable accommodations and not harassed Plaintiff, she would not have needed to go on medical leave.

32. On June 7, 2016, Defendants terminated Plaintiff's employment because she allegedly used all available leave.

**COUNT 1**

Denial of Reasonable Accommodations—DCHRA

33. Plaintiff repeats and realleges paragraphs 1–32, above, as if fully set forth herein.

34. Defendants failed to provide reasonable accommodations for Plaintiff, a person with disabilities.

35. By and through its conduct, Defendants violated the DCHRA. D.C. Code § 2-1402.11.

36. Defendants' actions were intentional, reckless, and malicious.

37. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 2**

Denial of Reasonable Accommodations—ADA

38. Plaintiff repeats and realleges paragraphs 1 –37 above, as if fully set forth herein.

39. Plaintiff had a disability within the meaning of the ADA, and Defendants knew about Plaintiff's disability.

40. Defendants failed to provide reasonable accommodations for Plaintiff, a person with disabilities.

41. By and through its conduct, Defendants violated the ADA. 42 U.S.C. § 12101 *et seq.*

42. Defendants' actions were intentional, reckless, and malicious.

43. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 3**

Discrimination on the Basis of Disability–DCHRA

44. Plaintiff repeats and realleges paragraphs 1–43, above, as if fully set forth herein.

45. Defendants terminated Plaintiff's employment because of her disability and after denying her reasonable accommodations.

46. By and through its conduct, Defendants violated the DCHRA. D.C. Code § 2-1402.11.

47. Defendants' actions were intentional, reckless, and malicious.

48. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 4**

Discrimination on the Basis of Disability—ADA

49. Plaintiff repeats and realleges paragraphs 1-48 above, as if fully set forth herein.

50. Defendants terminated Plaintiff's employment because of her disability and after denying her reasonable accommodations.

51. By and through its conduct, Defendants violated the ADA. 42 U.S.C. § 12101 *et seq.*

52. Defendants' actions were intentional, reckless, and malicious.

53. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 5**

Retaliation for Engaging in Protected Activity–DCHRA

54. Plaintiff repeats and realleges paragraphs 1-53 above, as if fully set forth herein.

55. Defendants terminated Plaintiff's employment because she requested reasonable accommodations pursuant to the DCHRA.

56. By and through its conduct, Defendants violated the DCHRA. D.C. Code § 2-1402.61.

57. Defendants' actions were intentional, reckless, and malicious.

58. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**COUNT 6**

Retaliation for Engaging in Protected Activity—ADA

59. Plaintiff repeats and realleges paragraphs 1-58 above, as if fully set forth herein.
60. Defendants terminated Plaintiff's employment because she requested reasonable accommodations pursuant to the ADA.
61. By and through its conduct, Defendants violated the ADA. 42 U.S.C. § 12101 *et seq.*
62. Defendants' actions were intentional, reckless, and malicious.
63. As a result, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all Counts.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants on all Counts and award damages of $1,000,000, or an amount to be determined at trial, consisting of lost wages and benefits, compensatory damages for pain and suffering and emotional distress, punitive damages, pre- and post-judgment interest, costs, attorneys' fees, the amount of tax on any award, and any such other relief as is just and proper.

Date: April 24, 2017

RESPECTFULLY SUBMITTED,

Alan Lescht and Associates, P.C.

By: /s/

Alan Lescht [441691]
Sara McDonough [1022641]
1050 17th Street, NW, Suite 400
Washington, DC 20036
Tel: (202) 463-6036
Fax: (202) 463-6067
alan.lescht@leschtlaw.com

sara.mcdonough@leschtlaw.com
*Attorney for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Patriece Jones

Case Number: 2017 CA 002846 B

vs

Date: April 24, 2016

Cambria Suites Washington City Market et al.

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Alan Lescht | Relationship to Lawsuit |
|---|---|
| Firm Name: Alan Lescht & Associates, P.C. | ☒ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: |
| Telephone No.: (202) 463-6036 Six digit Unified Bar No.: 441691 | |

TYPE OF CASE: ☐ Non-Jury ☒ 6 Person Jury ☐ 12 Person Jury

Demand: $ 1,000,000 Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: Judge: Calendar #:

Case No.: Judge: Calendar#:

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)
☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

[signature]
Attorney's Signature

4/24/17
Date

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PATRIECE JONES
Vs. C.A. No. 2017 CA 002846 B
CAMBRIA SUITES WASHINGTON CITY MARKET et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JENNIFER A DI TORO
Date: April 25, 2017
Initial Conference: 9:30 am, Friday, August 11, 2017
Location: Courtroom 518
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

Caio.doc

CERTIFIED MAIL

Alan Lescht & Associates P.C.
1050 17th St, N.W.
Suite 400
Washington, D.C. 20036

7017 0660 0001 0931 9619

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $007.34⁰
0000648538 MAY 15 2017
MAILED FROM ZIP CODE 20036

Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603